IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CANATELO, LLC.<br><br>    Plaintiff,<br><br>    v.<br><br>BOSCH SECURITY SYSTEMS, INC.,<br><br>    Defendant. | CIVIL NO. 13-1097 (GAG/CVR) |

**OPINION AND ORDER**

Pending before the court is Defendant Bosch Security Systems, Inc.'s Motion to Transfer the case to the Eastern District of Pennsylvania. (Docket No. 40). For the reasons discussed, and after analyzing all the factors provided by 28 U.S.C. sec. 1404(a), the court **DENIES** the Motion.

**FACTUAL BACKGROUND**

Plaintiff Canatelo, LLC (hereafter "Plaintiff" or "Canatelo") is a Puerto Rico limited liability company with its principal place of business in San Juan, Puerto Rico. (Docket No. 1 at ¶ 2). Defendant Bosch Security Systems, Inc. (hereafter "Defendant" or " Bosch") is the U.S. distributor of Bosch security products, including video surveillance cameras, with facilities throughout the United States (including New York, Pennsylvania and Minnesota). See, Docket No. 40, Exhibit 2 , Declaration of Daniel Reese ("Reese Declaration") ¶ 2; see also Docket No. 14 at ¶ 6. Its video surveillance business, including its technical operations concerning video surveillance products such as the cameras accused of infringement in this case, is primarily based in Lancaster, Pennsylvania. Reese Declaration ¶ 3.[1]

---

[1] According to Bosch's official website, it is a supplier of equipment for the global electronic protection and communications systems industries. Bosch works closely with an extensive network of certified dealers and integrators to design dependable communications, security and life safety solutions for the market. [The] broad portfolio of products

Canatelo, LLC v. Bosch Security Systems, Inc.
Civil No. 13-1097 (GAG/CVR)
Opinion and Order
Page 2

On February 5, 2013, Canatelo filed the above captioned lawsuit claiming infringement and illegal and unauthorized use of U.S. Patent Nos. 7,310,111 and 6,476,858. (Docket No. 1).[2]

On July 2, 2013, Bosch moved to transfer this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. sec. 1404(a). In essence, Bosch alleges that transfer pursuant to Section 1404(a) is warranted because the majority of the documentary evidence is located at Bosch's facilities in Pennsylvania, as are the majority of the likely witnesses, who are Bosch employees who work at Bosch's facilities in Lancaster, Pennsylvania. Thus, in Bosch's opinion, the Eastern District of Pennsylvania is a more convenient forum for the parties and the witnesses. (Docket No. 40, p. 6).

On July 19, 2013, Canatelo vehemently opposed Bosch's petition arguing that the convenience of the parties, witnesses, documents as well as the interest of judicial economy favors Canatelo's choice of venue, that is, this Court. (Docket No. 42).

On July 29, 2013, Bosch filed a Motion for Leave to File Reply Document pursuant to Local Rule 7(c). (Docket No. 45). Bosch's request was granted. (Docket No. 46).

## LEGAL DISCUSSION

---

and systems for communications, video surveillance, access control, and intrusion and fire detection are used by major schools and universities, government agencies, correctional facilities, retail stores, sports and entertainment facilities, casinos, and in many other commercial and industrial environments throughout the world. See, http://us.boschsecurity.com/us_product/06_about_us_2/06_01_company_profile_2/bosch-sicherheitssysteme-unternehmensueberblick. See attached herein document entitled "Attachment A" as required by the Judicial Conference as approved in the March 2009 session for "all internet materials cited in final opinions be considered for preservation" and that [e]ach judge ... should retain the discretion to decide whether the specific cited resource should be captured and preserved." As such, the site's page was downloaded and filed as an attachment to the judicial opinion in the CM/ECF system.

[2] On May 29, 2013, the court entered Partial Judgment dismissing without prejudice the claims between plaintiff and the other co-defendants Robert Bosch, LLC, Robert Bosch GmbH, and Robert Bosch North America Corporation. (Docket No. 27).

Canatelo, LLC v. Bosch Security Systems, Inc.
Civil No. 13-1097 (GAG/CVR)
Opinion and Order
Page 3

---

Under 28 U.S.C. section 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." [3]

Determinations under section 1404(a) are fact specific and will depend on the particular circumstances present in each case. This provision is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988); see also, Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) and Arroyo Perez v. Demir Group International, 733 F.Sup. 2d 314, 318-319 (D.P.R. 2010).  Congress adopted this statute "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)(*quoting* Continental Grain Co. v. The Barge F.B.L. 585, 364 U.S. 19, 26 (1960)).[4]

In a motion to transfer under section 1404(a), there is a presumption in favor of plaintiff's choice of forum.  Thus,  party seeking transfer has the burden of proof.  Coady, 223 F.3d at 11 (*citing* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); see also Piper Aircraft Co.  v.  Reyno, 454 U.S. 235, 241 (1981) ("[A] plaintiff's choice of forum should rarely be disturbed").  Some courts divide the factors into private and public categories, as

---

[3] In this case, Bosch is not challenging this Court's personal jurisdiction to entertain the case against it.

[4] Since 1948, federal courts have relied on §1404(a)'s statutory authority when transferring cases between domestic courts. Congress enacted 1404(a) in 1948 permitting a "change of venue" between United States district courts for the "convenience of parties and witnesses."

Canatelo, LLC v. Bosch Security Systems, Inc.
Civil No. 13-1097 (GAG/CVR)
Opinion and Order
Page 4

is done in considering a motion to dismiss for *forum non conveniens*. *Id*. Other circuit courts, including the First Circuit Court of Appeals, do not. *See* 15D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice And Procedure* § 3847 (3ed. 2008).

The district court must decide the issue of transfer after considering and balancing a number of case-specific factors. Stewart Organization, Inc., 487 U.S. at 29. The First Circuit Court of Appeals has held that the following factors should be considered: (1) the convenience of the parties and the witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction. Coady, 223 F.3d at 11; Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). However, where the effect of a transfer is to simply shift the conveniences from one party to another, transfer is not appropriate. Kleinerman v. Luxtron Corp., 107 F.Supp.2d 122, 125 (D. Mass. 2000); Florea v. Bocra, 2012 WL 7967882 (D. Puerto Rico).

The first factor is composed of two parts. The first part, the convenience of the parties. In the instant case, Bosch alleges this factor weights in its favor because the inconvenience to Bosch and its employees of litigating this case in this district "strongly outweighs" any inconvenience to Canatelo of litigating the case in Pennsylvania because Canatelo's sole business is licensing and enforcing the patents-in-suit. Thus, "this lawsuit it is not an interruption or inconvenience to Canatelo's business; it is Canatelo's business." (Docket No. 40, p. 8). Canatelo, in turn, alleges it does not conduct business nor has any contact whatsoever with Pennsylvania, making it immensely inconvenient and costly for Canatelo to defend this case, thousands miles away from its home forum. (Docket No. 42

at p. 7). If further asserts that Bosch, conducts business and sells its products in Puerto Rico, for which reason maintaining suit in Puerto Rico is not an issue for Defendant.

The second part of this factor is the convenience of the witnesses. In this case, Bosch argues the Eastern District of Pennsylvania is more convenient for the majority of likely witness, that is, three (3) of its employees who work at Bosch's facilities in Pennsylvania. These witnesses will likely testify about the functionality and sales of the accused Bosch video surveillance products and currently supervise and work with other Bosch employees at Bosch's facilities.

Bosch, however, fails to show that having the proceedings tried here as opposed to Pennsylvania would prevent these three (3) witnesses from attending trial. In addition, Bosch's request is devoid of any evidence as to how the transfer of three (3) employees of a corporation with substantial operations throughout the United States and considerable economic resources will result in an interruption or inconvenience to its business or the witnesses. Furthermore, "the convenience of witnesses who are employees of a party is given less weight by the court because that party can obtain their presence at trial." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3851; see also Arroyo-Pérez, 733 F.Supp.2d at 320. Thus, the first factor tips in favor of Canatelo.[5]

The second factor is the availability of documents. However, "[s]ince most records and documents now can be transported easily or exists in miniaturized or electronic form

---

[5] Bosch argues that Canatelo's contention regarding the inconvenience of litigating this case away from Puerto Rico is belied by the fact that Canatelo filed another action alleging infringement of the same patents in the District of Delaware, which is adjacent to the Eastern District of Pennsylvania. (Docket No. 45 pp. 1 and 7-8). Although relevant, this fact is not enough to satisfy the burden of establishing that Pennsylvania (or even Delaware) would be a much more convenient to all parties and witnesses involved as to warrant transfer under section 1404(a).

... their location is entitled to little weight. This is particularly true with the development of photo-duplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies." Boateng v. Gen, Dynamics Corp., 460 F.Supp.2d 270, 276 (D. Mass. 2006)(internal citations omitted); see also Arroyo-Pérez, 733 F. Supp.2d at 321. Bosch contends that the majority of the documentary and physical evidence will relate to the accused Bosch video surveillance products and is located at Bosch's facilities in Lancaster in the Eastern District of Pennsylvania, including technical documents and equipment, samples of the accused products, and marketing and financial documents concerning Bosch's products. Other documents, however, are available electronically at Bosch's Lancaster facilities. Reese Declaration ¶ 4. Defendant, however, has failed to show that transporting the documents would be burdensome, expensive or disruptive to the business. To the contrary, it is clear that Bosch can take advantage of all available technological advances in the discovery process (i.e. video depositions) and in preparation for trial regardless of the court's venue.

The third factor, the possibility of consolidation, and the fourth factor, the order in which the district court obtained jurisdiction, do not weigh in favor of transferring this case to the Eastern District of Pennsylvania. As the parties concede, there are no pending actions related to the same controversy between the parties in the Eastern District of Pennsylvania.

Thus, after analyzing all the factors provided by Section 1404(a), they are considered insufficient to transfer this case as requested by defendant Bosch.

## CONCLUSION

In view of the foregoing, Defendant's Motion to Transfer to the Eastern District of Pennsylvania (Docket No. 40) is DENIED.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 5th day of August of 2013.

                               s/CAMILLE L. VELEZ-RIVE
                               CAMILLE L. VELEZ-RIVE
                               UNITED STATES MAGISTRATE JUDGE